Case: 1:17-cv-03912 Document #: 21 Filed: 10/06/17 Page 1 of 15 PageID #:81

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

ME2 PRODUCTIONS, INC.,

Plaintiff

v.

Defendant

DOES 1-29.

Case Number: 17-cv-3912

Judge:

Magistrate Judge:

**FILED**
OCT 06 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

This is not my correct last name and I try my laptop check my Ip is not correct. In this time my nephew asked me bone my Internet password because his internet recent I wouldn't been home and 2 days I ching my password again.
* Doe 29 Thats not my intentions

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ME2 PRODUCTIONS, INC., | ) |
| Plaintiff, | ) Case No.: 17-cv-3912 |
| v. | ) |
|  | ) Judge |
| DOES 1- 29, | ) |
|  | ) Magistrate Judge |
| Defendants. | ) |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff ME2 Productions, Inc., by and through its undersigned counsel, for and as its Complaint against Defendants, alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 *et seq.*). As set forth in greater detail below, this action involves the unauthorized acquisition, copying and transfer by Defendants of Plaintiff's mainstream copyrighted motion picture *Mechanic: Resurrection* (hereinafter, "the Motion Picture" or "*Mechanic: Resurrection*").

2. *Mechanic: Resurrection* is a action/crime/thriller directed by Dennis Gansel, and stars Jason Statham, Jessica Alba and Tommy Lee Jones, among others. The Motion Picture has significant value and has been created and produced at considerable expense.

3. This Court has jurisdiction under 17 U.S.C. §101 *et seq.*; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

4. The acquisition, copying and transfer of the Motion Picture is accomplished using a network called a "BitTorrent protocol" or "torrent," which is different than the standard Peer-to-Peer ("P2P") protocol. The BitTorrent protocol makes even small computers with low bandwidth capable of participating in large data transfers across a P2P network. The initial file-



**HUGHES SOCOL PIERS RESNICK DYM**, LTD.
70 West Madison Street
Suite 4000
Chicago, Illinois 60602
T. 312.580.0100
F. 312.580.1994
hsplegal.com

MICHAEL A. HIERL
*Tel* 312-604-2678
*Fax* 312-604-2679
mhierl@hsplegal.com

September 15, 2017

**VIA FIRST CLASS MAIL**
**Samer Ogaidi**
**660 Ranger Street**
**Rockford, IL 61109**

RE: COPYRIGHT INFRINGEMENT OF MECHANIC RESURRECTION - Settlement Purposes Only-Not Admissible Under FRE 408

U.S. District Court for the Northern District of Illinois
Civil Action No. 17-cv-3912
Plaintiff: ME2 Productions, Inc.
Your IP Address: 73.75.98.119
ISP Providing Information: Comcast
Date of Alleged Infringement: December 10, 2016

Dear Mr. Ogaidi:

Our law firm has filed a Federal copyright infringement lawsuit in the U.S. District Court for the Northern District of Illinois on behalf of our client, ME2 Productions, Inc. The suit was filed against 29 Doe Defendants. We subsequently obtained identifying contact information for many of these Defendants from their Internet Service Providers (ISPs). A copy of the Complaint is enclosed. Your contact information was supplied to us by your ISP as one of the Defendants who has illegally obtained or shared our client's copyrighted motion picture through a peer-to-peer network *[Gnutilla, BitTorrent, etc.]*. We are sending you this letter as a courtesy before we are required to take additional legal action which would involve adding you as a named Defendant to the lawsuit.

According to our records, you have placed a media file which contains the copyright-protected film content for our client's motion picture entitled Mechanic Resurrection in a shared folder location on your computer. This enables others to download copies of this content. In addition, we have evidence of the P2P client software that you used to obtain or share the film, and evidence of your file hash factor (a mathematical function through which a file can be identified with certainty) which was B4A81D27B29589DD704A84498780ED183F12EB69. We also have obtained the file name of the movie, the file size and the GUID, all corresponding to an IP address that was assigned to your ISP account at the time the infringing activity occurred.

Copyright infringement (in this case, obtaining a film without paying for it or sharing a film with others who have not paid for it) is a very serious problem for the entertainment industry. The law provides protection for copyright owners through the Federal copyright statute found at 17 U.S.C. §§ 501-506, which allows the copyright owner to impound your material, recover their attorneys' fees, and seek damages of $750 - $150,000 per work, depending on the circumstances surrounding the infringement. While it is too late to undo the illegal file sharing you have already done, we have prepared an offer to enable our client to recoup the damages incurred by your actions, and defray the costs of preventing this type of activity in the future.

In exchange for a <u>comprehensive release</u> of all legal claims which will enable you to avoid becoming a named Defendant in the lawsuit, our firm is authorized to accept the sum of **$3,900** as full settlement for its claims. **This offer will expire on September 29, 2017**. Thereafter, our client will accept no less than the sum of **$4,900** to settle this matter, but this increased settlement offer will expire on October 13, 2017. In addition, you must remove the file from the shared folder or location where our client's film can be shared or copied within three (3) days of paying a settlement. If you decide not to settle by October 13, 2017, we may add you to the list of Defendants to be served with a copy of the complaint in this lawsuit.

Established in 1985.



In short, you can avoid being named as a Defendant in the lawsuit if you act now. You can pay the settlement amount by cashier's check, money order or by credit card. Please contact us to arrange payment and so we can forward a Release and Settlement Agreement. Once we have processed the settlement, we will confirm that your payment has been processed and that you have been dismissed from the lawsuit.

We look forward to resolving this matter without further legal action. However, if you do not comply with the above requests, we may be forced to name you as a Defendant in the lawsuit and proceed directly against you on behalf of our client. If forced to do so, our client will be seeking to recover the maximum amount of fees provided under the Copyright Act for copyright infringement, which is up to $30,000 per illegally downloaded film, plus attorneys' fees and the costs of litigation. Because torrent file-sharing requires *deliberate* action by the uploader or downloader of a movie, we may be able to prove that your actions were intentional, rather than just negligent. In the event we are able to prove that the infringement was intentional, our client will be seeking the maximum statutory damages allowed by the Copyright Act in the amount of $150,000 per infringement, attorneys' fees and costs.

We believe that in light of the verdicts awarded in recent cases, our client's $3,900 settlement offer is extremely reasonable. For example, in the case of Sony BMG Music Entertainment v. Tenenbaum (D. Mass.) [1:07-cv-11446], a $675,000 jury verdict against a Boston University graduate student for illegally downloading and sharing 30 songs has been upheld. This means that the jury awarded $22,500 per illegally-shared song. We believe that by providing you with an opportunity to settle our client's claim for $3,900 instead of you incurring thousands of dollars in attorneys' fees and being at risk for a high jury verdict, our client is acting reasonably and in good faith.

You have been on notice of our client's claim since you received the notice from your ISP that we subpoenaed your information. **Please consider this letter to constitute formal notice that unless and until we are able to settle our client's claim with you, we demand that you not delete any media files from your computer.** If forced to proceed against you in the lawsuit, we will most certainly have a computer forensic expert inspect your computer in an effort to locate the subject movie file, or to determine if you have deleted any media files since receipt of the notice of the subpoena from your ISP. If in the course of litigation the forensic computer evidence suggests that you did delete media files following receipt of the letter from your ISP, our client will amend its complaint to add a spoliation of evidence claim against you. Be advised that if we were to prevail on this additional claim, the court could award monetary sanctions, evidentiary sanctions and reasonable attorneys' fees. If you are unfamiliar with the nature of this claim in this context, please consult an attorney and review the following cases: Paramount Pictures Corp. v. Davis, 234 F.R.D. 102, 77 U.S.P.Q.2d 1933 (E.D. Pa. 2005); U.S.C.A. Arista Records, L.L.C. v. Tschirhart, 241 F.R.D. 462 (W.D. Tex. 2006); and U.S. ex rel. Koch v. Koch Industries, Inc., 197 F.R.D. 488 (N.D. Okla. 1999).

**We strongly encourage you to consult with an attorney to review your rights and risk exposure in connection with this matter.**

We thank you in advance for your anticipated cooperation in this matter, and we look forward to resolving our client's claim against you on an amicable basis, through settlement.

Sincerely,

*[signature]*

Michael A. Hierl

MAH:cb
Encl.

provider intentionally elects to share a file with a torrent network. This initial file is called a seed. Other users ("peers") and the network, through a series of steps, connect to the seed file to download a movie. As additional peers request the same file, each additional user becomes a part of the network from which the file can be downloaded. Each new file downloader receives a different piece of the data from each user who has already downloaded the file that together comprises the whole. This piecemeal system with multiple pieces of data coming from peer members is usually referred to as a "swarm." The effect of this technology makes every downloader also an uploader of the illegally transferred file(s). This means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network intentionally also becomes a source of download for that infringing file.

5. This distributed and cooperative nature of BitTorrent leads to a rapid viral spreading of a file throughout peer users. As more peers join the swarm, the speed of transfer and likelihood of a successful download increases. Because of the nature of a BitTorrent protocol, any seed peer who has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file. Essentially, because of the nature of the swarm downloads as described above, every infringer is stealing copyrighted material from many Internet Service Providers ("ISPs") in numerous jurisdictions.

6. Personal jurisdiction in this District is proper because each Defendant, without consent or permission of Plaintiff as exclusive rights owner, within Illinois and within this District, reproduced, distributed and offered to distribute among other Defendants over the Internet the copyrighted Motion Picture for which Plaintiff has exclusive rights. Plaintiff has used geolocation technology to trace the Internet Protocol ("IP") address of each Defendant to a point of origin within this District. Each Defendant has an IP address based in this District and resides in or

2

committed copyright infringement in this District.

7. In the alternative, this Court has personal jurisdiction over non-resident Defendants, if any, under the Illinois long-arm statute, 735 ILCS 5/2-209(a)(2), because they downloaded copyrighted content from or uploaded it to Illinois residents located in this District, thus committing a tortious act within the meaning of the statute.

8. Venue in this District is proper under 28 U.S.C. §1391(b) and/or 28 U.S.C. §1400(a). Although the true identity of each Defendant is unknown to Plaintiff at this time, Defendants reside in this District, may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. In the alternative, a Defendant resides in this District and all of the Defendants reside in this State.

## THE PARTIES

9. Plaintiff is a motion picture developer and producer. Plaintiff brings this action to stop Defendants from copying and distributing unauthorized copies of Plaintiff's copyrighted Motion Picture to others over the Internet. Defendants' infringements allow them and others unlawfully to obtain and distribute for free unauthorized copyrighted works that Plaintiff spends considerable sums to create, acquire and/or distribute. Each time a Defendant unlawfully distributes a free copy of Plaintiff's copyrighted Motion Picture to others over the Internet, each person who copies the Motion Picture then distributes the unlawful copy to others without any significant degradation in sound and picture quality. Thus, a Defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. Plaintiff now seeks redress for this rampant infringement of its exclusive rights.

10. Plaintiff is the owner of the copyright and/or the pertinent exclusive rights under copyright in the United States in the Motion Picture that has been unlawfully distributed over the

3

Internet by Defendants.

11. The true names of Defendants are unknown to Plaintiff at this time. Each Defendant is known to Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant by his or her Internet Service Provider and the date and the time at which the infringing activity of each Defendant was observed. Plaintiff believes that information obtained in discovery will lead to the identification of each Defendant's true name and will permit Plaintiff to amend this Complaint to state the same. Plaintiff further believes that additional information obtained will lead to the identification of additional infringing parties, as monitoring of online infringement of Plaintiff's motion picture is ongoing.

## COUNT I
## COPYRIGHT INFRINGEMENT

12. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, for the copyrighted Motion Picture, including derivative works. The copyrighted Motion Picture is the subject of a valid Certificate of Copyright Registration (Registration No. PA 1-998-057) issued by the Register of Copyrights on August 2, 2016. (Exhibit A).

13. The copyrighted Motion Picture includes a copyright notice advising the viewer that the Motion Picture is protected by the Copyright Laws.

14. Each Defendant, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to reproduce and distribute to the public, including by making available for distribution to others, the copyrighted Motion Picture. Plaintiff has identified each Defendant by the IP address assigned to that Defendant by his or her ISP and the date and the time at which the infringing activity of each Defendant was observed (Exhibit B). Each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions

4

constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 *et seq.*).

15. Each Defendant deliberately participated in a swarm and/or reproduced and/or distributed the same seed file of Plaintiff's copyrighted Motion Picture in digital form with other Defendants. In particular, Defendants participated in a collective and interdependent manner with other Defendants via the Internet for the unlawful purpose of reproducing, exchanging and distributing copyrighted material unique to the swarm.

16. By participating in the same swarm, each Defendant participated in the same transaction, occurrence or series of transactions or occurrences as the other Defendants in the swarm. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

17. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to its attorneys' fees and costs pursuant to 17 U.S.C. §505.

18. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyright and ordering that each Defendant destroy all copies of the copyrighted Motion Picture made in violation of Plaintiff's copyright.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against each Defendant and relief as follows:

1. For entry of a permanent injunction providing that each Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the copyrighted Motion Picture, including

without limitation by using the Internet to reproduce or copy Plaintiff's Motion Picture, to distribute Plaintiff's Motion Picture, or to make Plaintiff's Motion Picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Each Defendant also shall destroy all copies of Plaintiff's Motion Picture that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and (subject to the Order of Impoundment prayed for below) shall serve up all copies of the downloaded Motion Picture transferred onto any physical medium or device in each Defendant's possession, custody or control.

2. For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in its copyright pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint.

3. For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial.

4. For an Order of Impoundment under 17 U.S.C. §§503 and 509(a) impounding all infringing copies of Plaintiff's Motion Picture which are in Defendants' possession or under their control.

5. For Judgment in favor of Plaintiff and against Defendants awarding Plaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses) and other costs of this action.

6. For Judgment in favor of Plaintiff against Defendants, awarding Plaintiff such further declaratory and injunctive relief as may be just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED: May 24, 2017

Respectfully submitted,

ME2 PRODUCTIONS, INC.

By:   s/ Michael A. Hierl
      Michael A. Hierl (Bar No. 3128021)
      Todd Pierce-Ryan (Bar No. 6321299)
      Hughes Socol Piers Resnick & Dym, Ltd.
      Three First National Plaza
      70 W. Madison Street, Suite 4000
      Chicago, Illinois 60602
      (312) 580-0100

      Attorneys for Plaintiff
      ME2 Productions, Inc.

## CERTIFICATE OF FILING

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Complaint for Copyright Infringement was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on May 24, 2017.

                                                                               s/Michael A. Hierl

# EXHIBIT A

# EXHIBIT B

# Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

Registration Number
**PA 1-998-057**

Effective Date of Registration:
August 02, 2016

## Title

| | |
|---|---|
| Title of Work: | Mechanic: Resurrection |
| Previous or Alternate Title: | The Mechanic 2 aka The Mechanic II |
| Nature of Claim: | Original Motion Picture |

## Completion/Publication

| | |
|---|---|
| Year of Completion: | 2016 |
| Date of 1st Publication: | August 25, 2016 |
| Nation of 1st Publication: | United States |
| Preregistration: | PRE000008863 |

## Author

- | | |
  |---|---|
  | Author: | ME2 Productions, Inc. |
  | Author Created: | Entire Motion Picture |
  | Work made for hire: | Yes |
  | Domiciled in: | United States |
  | Anonymous: | No |
  | Pseudonymous: | No |

## Copyright Claimant

| | |
|---|---|
| Copyright Claimant: | ME2 Productions, Inc. |
| | 318 N. Carson Street, #208, Carson City, NV 89701 |

## Limitation of copyright claim

| | |
|---|---|
| Material excluded from this claim: | Motion Picture Screenplay - PAu 3-773-822 - Registered August 6, 2014 |
| Previously registered: | Yes |
| New material included in claim: | Cinematographic material including performance, production as a motion picture, editing and all audio and visual elements including photography, dialogue, music and special effects |

## Certification

| | |
|---|---|
| Name: | Michael A. Hierl |
| Date: | August 01, 2016 |

Page 1 of 2

| No | IP | Port | Hit Date UTC | File Name | File Hash | ISP | Region | City | Province |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 98.223.51.232 | | 2016-12-10 01:26:38 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Chicago | Cook |
| 2 | 98.228.166.32 | | 2016-12-10 02:59:00 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Westchester | Cook |
| 3 | 73.50.9.239 | | 2016-12-10 02:59:19 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Berwyn | Cook |
| 4 | 73.50.36.217 | | 2016-12-10 03:27:14 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Berwyn | Cook |
| 5 | 71.194.106.109 | | 2016-12-10 04:09:50 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Mokena | Will |
| 6 | 98.227.198.207 | | 2016-12-10 04:44:38 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Chicago | Cook |
| 7 | 76.16.137.61 | | 2016-12-10 04:49:13 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Naperville | DuPage |
| 8 | 67.167.88.120 | | 2016-12-10 05:38:29 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Carol Stream | DuPage |
| 9 | 73.247.215.193 | | 2016-12-10 06:05:50 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Buffalo Grove | Lake |
| 10 | 73.211.221.22 | | 2016-12-10 06:47:19 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | La Grange Park | Cook |
| 11 | 76.16.39.109 | | 2016-12-10 06:49:35 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Chicago | Cook |
| 12 | 73.45.4.167 | | 2016-12-10 06:50:24 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Chicago Heights | Cook |
| 13 | 71.201.66.121 | | 2016-12-10 08:02:23 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Chicago | Cook |
| 14 | 73.110.9.71 | | 2016-12-10 09:18:35 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Elk Grove Village | Cook |
| 15 | 67.176.218.9 | | 2016-12-10 09:49:09 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Berwyn | Cook |
| 16 | 50.140.162.126 | 46649 | 2016-12-10 09:57:20 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Chicago | Cook |
| 17 | 96.90.90.105 | | 2016-12-10 13:39:47 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Batavia | Kane |
| 18 | 71.239.57.159 | | 2016-12-10 15:00:33 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Chicago | Cook |
| 19 | 73.72.213.202 | | 2016-12-10 15:06:27 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Waukegan | Lake |
| 20 | 73.50.173.243 | | 2016-12-10 15:39:01 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Elmhurst | DuPage |
| 21 | 98.228.36.135 | | 2016-12-10 16:23:37 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Chicago | Cook |
| 22 | 71.201.63.131 | | 2016-12-10 18:00:01 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Gurnee | Lake |
| 23 | 67.173.16.184 | | 2016-12-10 19:47:01 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Chicago | DuPage |
| 24 | 73.75.98.119 | | 2016-12-10 22:20:14 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Rockford | Winnebago |
| 25 | 98.253.165.38 | | 2016-12-10 23:12:35 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Brookfield | Cook |
| 26 | 67.186.67.83 | | 2016-12-10 23:12:43 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Mundelein | Lake |
| 27 | 98.227.41.96 | | 2016-12-10 23:15:03 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Tinley Park | Cook |
| 28 | 71.239.32.194 | | 2016-12-10 23:19:29 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Waukegan | Lake |
| 29 | 98.193.58.218 | | 2016-12-10 23:30:55 | Mechanic Resurrection (2016) 720p BrRip x264 - VPPV | SHA1: B4A81D27B29589DD704A84498780ED183F12EB69 | Comcast Cable | Illinois | Morton Grove | Cook |